CAMPBELL, Acting Chief Judge.
Appellant, Dawayne Givens, challenges his convictions for grand theft of an automobile and robbery. We affirm his conviction and sentence for robbery. We reverse his conviction and sentence for grand theft.
. [1] Appellant raises two issues in this appeal, the first of which has no merit. He first argues that the admission of latent fingerprint lift cards of fingerprints taken from the exterior of the stolen vehicle was error. The fingerprint technician who lifted the prints died prior to trial. Absent the technician’s testimony, the cards were offered into evidence under a business records exception to the hearsay rule. We find any error in the admission of the prints clearly harmless as they may have pertained to the robbery charge.
Appellant next argues there was insufficient evidence to convict him of grand theft of the motor vehicle. We agree. The record indicates that the vehicle in question, a 1993 red Chevrolet' mini-van, was stolen from Avis Rent-A-Car sometime on June 24, 1993. The record further indicates around 3:00 a.m. on June 25, 1993, Tommy Williams was robbed of $3.00 at gun point by three males in a red Chevy van. Williams testified that the van ran into his bicycle and knocked him down and that appellant exited the passenger side of the vehicle after Williams was struck by the van. Williams identified appellant as his assailant and stated that appellant faced him and stuck a gun in his stomach. Williams could not identify the other two persons in the van. Williams testified that after the robbery, appellant re-entered the van on the driver’s side and drove the van away. Williams went immediately to the Clearwater police station and reported the incident. While Williams was being interviewed at the police station, other officers stopped a van matching Williams’ description. After the van pulled into a driveway, officers observed two or three black males run from the vehicle. The van and the area were secured, and a K-9 dog was brought in that tracked appellant from the van to where he had been detained by other officers. Williams identified appellant as the person who robbed him. The disputed latent prints that matched appellant’s fingerprints were found on the exterior of the van. Three one dollar bills were recovered from appellant, and a fishing license and subpoena, both bearing Williams’ name, were recovered from the van. While this evidence was clearly sufficient to sustain appellant’s conviction for robbery, it was lacking to sustain appellant’s conviction of grand theft of the van on June 24,1993.
We affirm appellant’s conviction and sentence for robbery. We reverse the conviction and sentence for grand theft.
FRANK and PATTERSON, JJ., concur.